UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                   Case No. 14-cv-11671
                                   Hon. Matthew F. Leitman

JULIE WARFIELD,

    Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS (ECF #17) AND GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF #13)

Between 1985 and 1990, Defendant Julie Warfield ("Warfield") borrowed $34,400 through federally-guaranteed student loan programs. Thereafter, Warfield fell on hard times, and she defaulted on the loans. The United States of America ("Plaintiff") now seeks a judgment against Warfield. Warfield has not presented a valid defense to this action, nor has she established any genuine material fact as to whether Plaintiff is entitled to a judgment. Accordingly, the Court **DENIES** Warfield's Motion to Dismiss (ECF #17) and **GRANTS** Plaintiff's Motion for Summary Judgment (ECF #13).

## RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Between 1985 and 1990, Warfield obtained six loans totaling $34,400 (collectively, the "Loans") from the Michigan Direct Student Loan Program and Wachovia Student Services, Inc. (*See* the "Certificates of Indebtedness," ECF #1 at 4-5.) Warfield executed promissory notes securing each of the Loans. (*See* the "Notes," *id.* at 6-17.) The Loans were guaranteed by the Michigan Higher Education Assistance Authority (the "MHEAA") and reinsured by the United States Department of Education (the "Department of Education"). (*See* Certificates of Indebtedness.)

Warfield defaulted on the Loans on August 8, 1991, when she failed to make payments due under the Notes. (*See* Certificates of Indebtedness.) After the MHEAA unsuccessfully attempted to collect the full amount due from Warfield, the MHEAA assigned title to the Loans to the Department of Education. (*See id.*) Plaintiff then filed this action against Warfield seeking payment of $96,809.87, representing the unpaid principal balance of the Loans and interest due under the Notes. Plaintiff has now moved for summary judgment. (*See* the "Motion for Summary Judgment," ECF #13.)

Warfield, acting *pro se*, opposes Plaintiff's Motion for Summary Judgment and has filed a Motion to Dismiss. (*See* the "Motion to Dismiss," ECF #17.) Warfield asserts that her husband, John, began suffering from a serious mental

illness in the late 1980s.  (*See* the "Statement of Defense," ECF #6-1 at 1, Pg. ID 35.)  Warfield further states that she serves as John's full-time caregiver and has not been employed for more than 12 years.  (*See id.* at 1-2, Pg. ID 35-36.)  The Warfields' sole source of income appears to be John's Social Security disability benefits.  (*See* the "Financial Disclosure Statement," ECF #37-1.)

Warfield admits that she obtained the Loans and executed the Notes.  (*See* Statement of Defense at 1, Pg. ID 35.)  Warfield further asserts that she "has never refused to make payment if the ability to do so existed."  (*Id.*)  Warfield maintains, however, that she is financially unable to repay the Loans, and she asserts a number of reasons why, in her view, the Court should deny Plaintiff's Motion for Summary Judgment and dismiss this action.  The Court deems this matter appropriate for decision without oral argument.  *See* Fed. R. Civ. P. 78(b); E.D. Mich. L.R. 7.1(f)(2).

## GOVERNING LEGAL STANDARDS

**A. Warfield's Motion to Dismiss**

Rule 12(b)(6) provides for dismissal of a complaint when a plaintiff fails to state a claim upon which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S.

3

544, 555 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *Id.* (citing *Twombly*, 550 U.S. at 556). When assessing the sufficiency of a plaintiff's claim, a district court "must construe the complaint in the light most favorable to the plaintiff, accept all factual allegations [of the plaintiff] as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *Z Tech. Corp. v. Lubrizol Corp.*, 753 F.3d 594, 597 (6th Cir. 2014). A motion to dismiss will be granted only if "the alleged facts do not set forth an adequate claim or if the face of the complaint demonstrates that relief is barred by an affirmative defense." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010).

## B. Plaintiff's Motion for Summary Judgment

A movant is entitled to summary judgment when it "shows that there is no genuine dispute as to any material fact...." *U.S. SEC v. Sierra Brokerage Services, Inc.,* 712 F.3d 321, 326–27 (6th Cir. 2013) (citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52 (1986)) (quotations omitted). When reviewing the record, "the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Id.* "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be

insufficient; there must be evidence on which the jury could reasonably find for [that party]." *Anderson,* 477 U.S. at 252. Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Id.* at 251-252. Indeed, "[c]redibility determinations, the weighing of the evidence, and the drafting of legitimate inferences from the facts are jury functions, not those of a judge…" *Id.* at 255.

"To recover on a promissory note the government must first make a prima facie case showing that (1) the defendant signed it, (2) the government is the present owner or holder of the note and (3) the note is in default." *U.S. v. Petroff-Kline,* 557 F.3d 285, 290 (6th Cir. 2009) (internal citations omitted). "Once such a prima facie case is established, defendant has the burden of proving the nonexistence, extinguishment or variance in payment of the obligation." *Petroff-Kline,* 557 F.3d at 290.

## ANALYSIS

**A. Plaintiff Has Stated a Claim on Which Relief Can be Granted**

In the Complaint, Plaintiff alleges that Warfield obtained the Loans and now owes money to Plaintiff pursuant to the Notes. (*See* Compl. at ¶¶3-4.) Plaintiff further alleges that "[d]emand has been made upon [Warfield] for payment of the indebtedness, and [Warfield] has neglected and refused to pay the same." (*Id.* at ¶6.) These allegations are plainly sufficient to state a claim on which relief can be

granted. Moreover, as discussed in Part E, *infra*, Warfield has not demonstrated that relief is barred by an affirmative defense.

## B. Plaintiff Has Established a Prima Facie Case That it is Entitled to a Collect on the Notes

Plaintiff has established a prima facie case for purposes of its Motion for Summary Judgment. Plaintiff can establish "a prima facie case that it is entitled to collect on a promissory note [by introducing] the promissory note and a certificate of indebtedness signed under penalty of perjury by a loan analyst." *Guillermety v. Sec'y of Educ.*, 341 F.Supp.2d 682, 688 (E.D. Mich. 2003) (citing *U.S. v. Davis*, 28 Fed. App'x 502, 503 (6th Cir. 2002)); *see also Petroff-Kline*, 557 F.3d at 290. Plaintiff has produced copies of all six Notes that Warfield executed. Plaintiff also submitted the Certificates of Indebtedness, which were signed under penalty of perjury by a Department of Education loan analyst, indicating that (1) the Loans were assigned to the Department of Education, and (2) Warfield defaulted on the Loans.

Because Plaintiff has established its prima facie case, the burden shifts to Warfield to "prov[e] the nonexistence, extinguishment or variance in payment of the obligation." *Petroff-Kline*, 557 F.3d at 290.

**C. Warfield Has Not Rebutted Plaintiff's Prima Facie Case**

In order to rebut Plaintiff's prima facie case, Warfield must "produce specific and concrete evidence of the nonexistence, payment, discharge, or deferment of the debt." *U.S. v. Johnson*, No. 02-75044, 2005 WL 1355097, at *3 (E.D. Mich. May 4, 2005) (citing *U.S. v. Durbin*, 64 F.Supp.2d 635, 636 (S.D. Tex. 1999)). Warfield has failed to rebut Plaintiff's prima facie case.

Warfield has not attempted to show the nonexistence, payment, or discharge of the debt – indeed, Warfield admits that she executed the Notes and has not repaid her debt. Warfield argues, however, that the Loans "are currently under Hardship Deferment and have been since 2007." (ECF #4 at 1, Pg. ID 21.) Warfield directs the Court to a letter from the Department of Education dated June 8, 2009, notifying Warfield that her "request to stop the offset of [her] Social Security benefits due to financial hardship ha[d] been approved." (*See* ECF #4 at 5, Pg. ID 25.) This letter *does not* establish that the Department of Education placed the Loans in deferment status. Instead, the letter merely demonstrates that the Department of Education temporarily agreed to stop offsetting Social Security benefits due to Warfield as a means of collecting the Loans. The letter expressly warned Warfield that the Department of Education could resume offsetting her Social Security benefits in the future. Moreover, the letter emphasized that "this notice [does not] mean that you no longer owe a debt." (*Id.*) Warfield simply has

7

not demonstrated that the Department of Education placed her Loans into any kind of deferred status. Accordingly, Warfield has not carried her burden to rebut Plaintiff's prima facie case.

**D. Warfield's Financial Hardship Defense is Not Applicable**

Warfield contends that she is financially unable to repay the Loans. However, Warfield's financial hardship is not a valid defense to this action. *See, e.g., U.S. v. Thomas*, No. 10-12397, 2011 WL 3472717, at *3 (E.D. Mich. Aug. 9, 2011) ("Thomas states that due to financial hardship, she was unable to meet the loan payments. These statements are not sufficient.") (internal punctuation and citations omitted). *See also U.S. v. Jester*, No. 09-15069, 2010 WL 5330482 (E.D. Mich. Dec. 21, 2010) (granting summary judgment in favor of government despite defendant's claims of undue hardship); *Johnson*, 2005 WL 1355097 (same). Accordingly, Warfield is not entitled to dismissal of the action or denial of Plaintiff's Motion for Summary Judgment on this basis.

Warfield may perhaps be eligible for an administrative deferment due to economic hardship. *See, e.g.*, 34 C.F.R. § 685.204(b)(3)(i). But "the burden of seeking an administrative [deferment] rests squarely with [Warfield]." *Johnson*, 2005 WL 1355097, at *5. Moreover, "a grant of summary judgment [in favor of Plaintiff] would not preclude [Warfield] from pursuing an administrative deferment in the future." *Thomas*, 2011 WL 3472717, at *4. To be clear, *this*

*Court renders no opinion whatsoever as to whether Warfield would be eligible for a deferment.*

**E. Warfield's Other Grounds for Opposing this Action Lack Merit**

Warfield opposes this action on several additional grounds. All of Warfield's arguments lack merit.

Warfield first contends that this action is barred by a six-year statute of limitations. Plaintiff responds, correctly, that Congress eliminated the six-year statute of limitations for student loan collections in 1991, and that the abrogation applies retroactively to Warfield's Loans. *See U.S. v. Brown*, 7 Fed. App'x 353, 354 (6th Cir. 2001) (citing 20 U.S.C. § 1091a(a)). Warfield insists that the retroactive abrogation of the statute of limitations deprives her of due process. But the United States Court of Appeals for the Sixth Circuit has squarely rejected this argument. *See id.* ("retroactive abrogation of the statute of limitations does not violate a student loan debtor's due process rights") (citing *U.S. v. Hodges*, 999 F.2d 341, 342 (8th Cir. 1993) and *U.S. v. Glockson*, 998 F.2d 896, 898 (11th Cir. 1993)).

Warfield also appears to argue that the retroactive abrogation of the statute of limitations violates the parol evidence rule and/or constitutes an unenforceable, unilateral modification of the Notes. Warfield insists that only the laws that were in place at the time she obtained the Loans govern her repayment obligations.

9

Congress' abrogation of the statutes of limitations does not constitute parol evidence, nor does it modify the terms of the Note. Accordingly, neither of these legal theories applies here.

Warfield further alleges that Plaintiff failed to comply with the Federal Claims Collection Standards, 31 C.F.R. § 900, *et seq.*, when attempting to collect her debt. However, "the failure of an agency to comply with any provisions" of the Federal Claims Collection Standards *shall not* "be available to any debtor as a defense." 31 C.F.R. § 900.8. Accordingly, even if Plaintiff did not comply with the standards, Warfield cannot prevail on this basis.

Warfield next claims that Plaintiff's action is barred by laches. Laches is inapplicable here. At least two circuit courts of appeals have held that Congress' elimination of the six-year statute of limitations for student loan collections also "eliminate[s] the equitable defense of laches." *U.S. v. Lawrence*, 276 F.3d 193, 196 (5th Cir. 2001); *U.S. v. Tuerk*, 317 Fed. App'x 251, 253 (3d Cir. 2009). *See also Hamilton v. U.S.*, No. 03-669, 2005 WL 2671373, at *4-5 (S.D. Ohio Oct. 19, 2005) (collecting cases). Moreover, even if laches remains a valid defense, Warfield has not shown undue delay by Plaintiff. To the contrary, it appears that at least a portion of any delay by Plaintiff was *in compliance with Warfield's request* to stop the offset of her Social Security benefits. (*See* ECF #4.)

Warfield also contends that Plaintiff's action is barred by equitable estoppel because Plaintiff allegedly failed to produce a Claims Collection Litigation Report ("CCLR"). Warfield is not entitled to a copy of the CCLR. (*See* "Order Granting in Part and Denying in Part Defendant's Motion to Compel," ECF #34.) Accordingly, Warfield's equitable estoppel defense fails.

Warfield invokes the doctrine of unclean hands. But Warfield has not cited any evidence that would support this defense. Nor does the Court find support for Warfield's argument that Plaintiff's conduct violates her constitutional right to equal protection and freedom from cruel and unusual punishment.

Finally, Warfield alleges that Plaintiff did not authorize Plaintiff's counsel to initiate this action. Warfield has not cited any evidence in support of this allegation. To the contrary, Warfield has submitted a copy of a letter from the Department of Education to Warfield's congressman indicating that the Plaintiff has, in fact, authorized Plaintiff's counsel to collect Warfield's debt. (*See* ECF #36-2.) Warfield's contentions lack merit.

## CONCLUSION

It appears that Warfield has experienced difficult economic circumstances for much of the past two decades. The financial burden of repaying the Notes undoubtedly contributed to Warfield's financial difficulties and caused Warfield emotional distress. However, Warfield has not identified a valid legal defense to

Plaintiff's action, nor has she created a genuine issue of material fact as to whether Plaintiff is entitled to a judgment. Accordingly, **IT IS HEREBY ORDERED** that Warfield's Motion to Dismiss (ECF #17) is **DENIED** and Plaintiff's Motion for Summary Judgment (ECF #13) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall submit a proposed judgment to the Court by no later than **April 10, 2015**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: March 30, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 30, 2015, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113