UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JULIE WARFIELD,

    Defendant.
_____/

Case No. 14-cv-11671
Hon. Matthew F. Leitman

## ORDER DENYING DEFENDANT LEAVE TO ASSERT COUNTERCLAIM AND DISMISSING DEFENDANT'S "COMPLAINT AGAINST DEBT COLLECTOR AND PLAINTIFF" (ECF #41)

On April 25, 2014, the United States of America ("Plaintiff") filed this action seeking a judgment against Defendant Julie Warfield ("Warfield") for amounts owing on Warfield's defaulted student loans. (*See* ECF #1.) Warfield moved to dismiss, and Plaintiff moved for summary judgment. On March 30, 2015, the Court entered an order denying Warfield's Motion to Dismiss and granting Plaintiff's Motion for Summary Judgment. (*See* ECF #39.) The Court's order closed this case.

The following day, Warfield filed a "Complaint Against Debt Collector and Plaintiff," in which she alleged that Plaintiff and Plaintiff's counsel violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. (*See* ECF #41.) The Court construes Warfield's submission as a motion for leave to

assert a counterclaim pursuant to Fed. R. Civ. P. 15(e). Warfield's purported counterclaim is untimely, as she filed it after this case was closed. Even if the purported counterclaim were timely, however, it would be futile. Plaintiff is immune from liability under the FDCPA. *See United States v. Skutt*, No. 11-cv-13218, 2012 WL 1956855, at *5 (E.D. Mich. May 10, 2012) (collecting authority), *report and recommendation adopted by* 2012 WL 1957303 (E.D. Mich. May 31, 2012). Moreover, Plaintiff's counsel is not a party to this action, and joinder under these circumstances would not be appropriate. *See* Fed. R. Civ. P. 13(h), 19, 20. Accordingly, **IT IS HEREBY ORDERED** that Warfield's request to assert her counterclaim is **DENIED** and her "Complaint Against Debt Collector and Plaintiff" is **DISMISSED**. **IT IS FURTHER ORDERED** that Plaintiff's Motion to Dismiss Warfield's "Complaint Against Debt Collector and Plaintiff" (ECF #43) is **DENIED AS MOOT**.

The Court takes this opportunity to correct the record as to two baseless assertions in Warfield's purported counterclaim. First, Warfield appears to suggest that the Court had *ex parte* communications with Plaintiff's counsel. (*See id.* at 2, Pg. ID 169.) That suggestion is categorically false. The Court did not have *any ex parte* contact with any party (or counsel for any party) in this case.

Second, Warfield mischaracterizes the Court's March 3, 2015, telephone status conference with the parties. Warfield asserts that the Court "demanded" that

2

the parties "cooperate in coming to a payment arrangement with the threat that failure of the Defendant to cooperate would result in immediate summary judgment." (*Id.* at 1, Pg. ID 168.) That is *not* what happened. What *actually* happened was (1) the Court informed the parties that, on a preliminary assessment of the pending motions, Plaintiff appeared to be entitled to summary judgment, and (2) the Court indicated that it would delay an official ruling (likely in Plaintiff's favor) for approximately one month in order to give the parties an opportunity to negotiate a mutually-acceptable payment arrangement. As reflected in the transcript of the status conference, the Court did not coerce Warfield into anything. (*See* ECF #42, a highlighted version of which is attached to this Order.) To the contrary, the Court's forbearance was *favorable* to Warfield: rather than entering judgment in favor of Plaintiff immediately, the Court gave Warfield a final opportunity to work with Plaintiff to negotiate a resolution and potentially avoid entry of judgment.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: April 2, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 2, 2015, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

        Plaintiff,

v.

**JULIE WARFIELD,**

        Defendant.
_____/

Honorable Matthew F. Leitman

No. 14-11671

**TELEPHONIC HEARING**

**Tuesday, March 3, 2015**

Appearances:

FOR THE GOVERNMENT:    TAMARA D. PEARSON, ESQ.
FOR THE DEFENDANT:     IN PRO SE

      -  -  -

*To obtain a certified transcript, contact:*
*Lawrence R. Przybysz, MA, CSR, RPR, RMR, CRR*
*Official Federal Court Reporter*
*Theodore Levin United States Courthouse*
*231 West Lafayette Boulevard, Room 718*
*Detroit, Michigan  48226*
*(313)414-4460.  Lawrence_Przybysz@mied.uscourts.gov*

*Proceedings recorded by mechanical stenography.*
*Transcript produced by computer-aided transcription.*

*Telephonic Hearing*
*Tuesday, March 3, 2015*

# I N D E X

- - -

Telephonic Hearing................................p. 3

*14-11671; United States of America v. Julie Warfield*

*Telephonic Hearing*
*Tuesday, March 3, 2015*                                                 3

```
 1                        Detroit, Michigan
 2                        Tuesday, March 3, 2015
 3                        11:00 a.m.
 4                           -   -   -
 5              THE COURT:  Hello.  Good morning.  This is
 6    Matthew Leitman.  Can you let us know who is on for the
 7    United States, please?
 8              MS. PEARSON:  Good morning, your Honor.
 9    Tamara Pearson on behalf of the United States.
10              THE COURT:  Okay.  And, Ms. Warfield, are you
11    on?
12              MS. WARFIELD:  I am.
13              THE COURT:  Okay.  Thanks to both of you for
14    joining on the call.  Let me start by letting you both
15    know that I am joined today in my chambers by my court
16    reporter, Larry Przybysz, who will be making an official
17    record of our conversation today.
18              Let me also introduce myself specifically to you,
19    Ms. Warfield, and also to you Ms. Pearson.  I don't think
20    we have met.  But, Ms. Warfield, it's my understanding
21    that you had an opportunity at some point to chat with
22    some staff members on behalf of Judge Zatkoff and they
23    didn't fill me in on the conversation, only that it
24    happened.  But what I want you to understand is I am
25    actually the United States District Judge who is assigned
```

*14-11671; United States of America v. Julie Warfield*

*Telephonic Hearing*
*Tuesday, March 3, 2015*
4

```
 1    to this case as opposed to one of my law clerks.  Do you
 2    understand that?
 3             MS. WARFIELD:  I do.
 4             THE COURT:  Okay.  Here is why I wanted to
 5    get together on the call today.  I have had an opportunity
 6    to review the files that I received from Judge Zatkoff and
 7    I have had an opportunity review the pending motions and
 8    the various positions of the parties.  And while I am not
 9    in a position to make a rock solid final ruling, I want to
10    let you both have a clear sense of where I'm at and see if
11    we can't come up with some sort of a solution that is
12    tolerable for Ms. Warfield and gets the United States its
13    money back.
14             Ms. Warfield, very directly, let me indicate to
15    you that it appears to me that the United States has a
16    very strong position here and that they are entitled to a
17    judgment ordering you to repay the loans and the interest
18    that they are seeking.  What I am hoping to do is see if
19    we can find a way -- I don't know if there are payment
20    plan options that the United States is open to or that you
21    are open to, but a way to get us passed this litigation
22    and get this money paid back which it needs to be.  Are
23    you open to discussing some sort of a resolution that
24    involves a payment plan with the United States?
25             MS. WARFIELD:  As long as I can afford it.
```

*14-11671; United States of America v. Julie Warfield*

2:14-cv-11671-MFL-DRG Doc # 44 Filed 04/02/15 Pg 8 of 13 Pg ID 204
2:14-cv-11671-MFL-DRG Doc # 42 Filed 04/02/15 Pg 5 of 10 Pg ID 177

*Telephonic Hearing
Tuesday, March 3, 2015* 5

```
 1              THE COURT:  Okay.  Ms. Pearson, is this
 2   something that the United States does in these cases that
 3   works with the borrowers to try to come up with a payment
 4   plan?
 5              MS. PEARSON:  Absolutely, your Honor.
 6              THE COURT:  Okay.  Well, what makes the most
 7   sense here?  Does it make sense for the two of you to
 8   speak directly to see if you can work out an acceptable
 9   payment plan and then to get back to me?  Ms. Pearson, is
10   that the most sensible next step from the United States'
11   perspective?
12              MS. PEARSON:  I believe so, your Honor, yes.
13              THE COURT:  Okay.  Ms. Warfield, are you
14   willing to speak with Ms. Pearson to talk about a possible
15   payment plan?
16              MS. WARFIELD:  Sure.
17              THE COURT:  Okay.  Now, when you speak to Ms.
18   Pearson, I think that it's important for you to
19   understand, Ms. Warfield, that my sense is that a payment
20   plan that might be acceptable to the United States is one
21   that might require some level of discomfort on your end.
22   And I use that term discomfort loosely.  What I mean is I
23   think that they are going to be looking for some
24   meaningful payments.  I would assume that they would be
25   certainly willing to take a hard look at your financial
```

*14-11671; United States of America v. Julie Warfield*

*Telephonic Hearing*
*Tuesday, March 3, 2015* 6

1   circumstances. But generally the way that civil cases
2   settle and get resolved is that the plaintiff takes less
3   money or in this case it will be a smaller payment than
4   they might want and the defendant pays more money or a
5   larger payment than they might want. So I think it's
6   important for you to understand that going in.
7         I think it's also important for you to understand
8   the relative positions of the parties here which is,
9   again, quite candidly, I think the United States on my
10  first read through the papers has a very strong position
11  and if there is not a resolution of the case it seems to
12  me likely, although, again, I have not reached a final
13  final decision, that the next word you hear from the Court
14  will be the entry of a judgment in favor the United States
15  in the full amount that they seek.
16        So I think there is a strong incentive on your
17  part to work with the United States to see if there is a
18  resolution that can be mutually acceptable and I trust
19  that Ms. Pearson will be reasonable and work hard to
20  fairly consider you and your family's financial
21  circumstances and see if there is some sort of middle
22  ground to resolve this difficult situation.
23        Ms. Warfield, do you have any questions for me?
24        **MS. WARFIELD:** I am just concerned as how low
25  our income is and if the plaintiff will be satisfied. I

*14-11671; United States of America v. Julie Warfield*

2:14-cv-11671-MFL-DRG Doc # 44 Filed 04/02/15 Pg 10 of 13 Pg ID 206
2:14-cv-11671-MFL-DRG Doc # 42 Filed 04/02/15 Pg 7 of 10 Pg ID 179

*Telephonic Hearing*
*Tuesday, March 3, 2015*
7

1  mean, I'm already not in a comfort zone financially.
2  Things are very, very tight with a family of five.  And
3  that's just a big concern to me, that it will be taking
4  food, literally food and clothing out of the mouths of my
5  three children.
6          **THE COURT:**  And I am not in a position to get
7  involved in the actual negotiations now but I think part
8  of the process will be sharing financial information with
9  the United States so that they can make an assessment of
10 your situation.  That is a standard part of trying to
11 resolve civil cases and come up with payment plans.  But I
12 think that it's important to undertake that quickly.
13         ==My goal with this case would be that I would issue==
14 ==my decision on the pending motions not later than the end==
15 ==of this month.==  So that's kind of a hard deadline ==for you==
16 ==folks to exchange whatever information you need to==
17 ==exchange and to see if you can come to a resolution before==
18 ==I do.==  I do believe that this case has been pending for a
19 while and I think that that is a sufficient amount of time
20 to try to exchange financial information and see if you
21 can reach a resolution.
22         Any other questions from you, Ms. Warfield?
23         **MS. WARFIELD:**  Just to make sure that I
24 understand.  So Ms. Pearson and I will talk together, try
25 to come up with a reasonable plan of payment and then come

*Telephonic Hearing*
*Tuesday, March 3, 2015*                                    8

1   back to you and then -- or submit that to you?
2           **THE COURT:** Yes. If you reach a plan that
3   you can live with, Ms. Pearson could, in conjunction with
4   you, reduce it to some sort of agreed upon Order or agreed
5   upon Consent Judgment with payment terms or something like
6   that. If you are unable to reach an agreement -- if you
7   are able to reach an agreement, again, please let us know
8   before the end of the month. That is a hard deadline. If
9   you are not able to reach an agreement and you get to a
10  point of impasse, also let us know and then by the end of
11  the month I will issue a decision.
12          But for you, Ms. Warfield, the bottom line is if
13  you could work hard, please, with Ms. Pearson to see if
14  you can reach a financial arrangement and I trust then Ms.
15  Pearson could draft the appropriate documents, memorialize
16  that arrangement if you are able to reach one.
17          Ms. Pearson, does that sound fair to you?
18          **MS. PEARSON:** Yes, your Honor.
19          **THE COURT:** Ms. Warfield, do you have any
20  other questions?
21          **MS. WARFIELD:** Nope.
22          **THE COURT:** Okay. ==I understand that it's a==
23  ==difficult situation for you, Ms. Warfield. I very much==
24  ==appreciate you taking the time to join us on the call==
25  ==today.== I appreciate your willingness to have a meaningful

*14-11671; United States of America v. Julie Warfield*

2:14-cv-11671-MFL-DRG Doc # 44 Filed 04/02/15 Pg 12 of 13 Pg ID 208
2:14-cv-11671-MFL-DRG Doc # 42 Filed 04/02/15 Pg 9 of 10 Pg ID 181

*Telephonic Hearing*  
*Tuesday, March 3, 2015*      9

```
 1   engagement with Ms. Pearson to see if you can resolve the
 2   case and I wish both of you the best of luck as you try to
 3   see if there is a solution that can be found here.  If
 4   either of you needs anything else from the Court, please
 5   contact my case manager, Holly Monda.  Her phone number is
 6   (313)234-5113.  Thank you, very much.
 7              MS. PEARSON:   Thank you.
 8              MS. WARFIELD:  Thank you.
 9              THE COURT:  Goodbye.
10                         -   -   -
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

*14-11671; United States of America v. Julie Warfield*

2:14-cv-11671-MFL-DRG Doc # 44 Filed 04/02/15 Pg 13 of 13 Pg ID 209
2:14-cv-11671-MFL-DRG Doc # 42 Filed 04/02/15 Pg 10 of 10 Pg ID 182

10

```
 1                    C E R T I F I C A T I O N

 2              I, Lawrence R. Przybysz, official court reporter

 3      for the United States District Court, Eastern District of

 4      Michigan, Southern Division, appointed pursuant to the

 5      provisions of Title 28, United States Code, Section 753,

 6      do hereby certify that the foregoing is a correct

 7      transcript of the proceedings in the above-entitled cause

 8      on the date hereinbefore set forth.

 9              I do further certify that the foregoing

10      transcript has been prepared by me or under my direction.

11

12
        s/Lawrence R. Przybysz
13      Official Court Reporter

14                              -  -  -

15

16

17

18

19

20

21

22

23

24

25
```

*14-11671; United States of America v. Julie Warfield*